Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Enzo Nabiev (SBN 332118)
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
E-mail:
kane.moon@moonyanglaw.com
E-mail:
allen.feghali@moonyanglaw.com
E-mail:
enzo.nabiev@moonyanglaw.com

Attorneys for Plaintiff Rocio Juarez Ruiz

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO JUAREZ RUIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a Delaware corporation dba TESLA MOTORS, INC.; ATLANTIC SOLUTIONS GROUP INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No.: 5:22-cv-00693 FMO (KKx).<br><br>Assigned to: Hon. Fernando M. Olguin<br>Magistrate Judge: Hon. Kenly Kiya Kato<br><br>**SECOND AMENDED PAGA REPRESENTATIVE ACTION COMPLAINT:**<br><br>1. Civil Penalties Under PAGA [Cal. Lab. Code § 2699, et seq.]<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed:   November 22, 2021<br>Trial date:        Not set |

Plaintiff Rocio Juarez Ruiz ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.    Plaintiff brings this action against Defendants Tesla, Inc. dba Tesla Motors, Inc., Atlantic Solutions Group Inc., and Does 1 through 10 (collectively referred to as "Defendants") for civil penalties under the Private Attorneys General Act of 2004, California Labor Code §§ 2698 *et seq*. ("PAGA") stemming from Defendants' failure to pay for all hours worked (including minimum wages, straight time wages, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to indemnify necessary business expenses, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

2.    For over 50 years, California's courts and legislature have recognized that this State's wage-and-hour laws serve a compelling public interest of fostering a stable job market.  Wages are not ordinary debts.  Because of the economic position of the average worker and his or her family, it is essential to the public welfare that employers obey the wage-and-hour laws so that employees are promptly paid the minimum/overtime wages that the Legislature has required for employees. So fundamental are California's wage-and-hour laws that the Legislature has criminalized certain types of violations. In extending extra protection to deter violations of these underlying statutes—since Plaintiff is not seeking general and/or special damages, restitution or other damages other than civil penalties—California has enacted the PAGA to permit an individual to bring an action on behalf of himself and on behalf of others for PAGA penalties only, which is the precise and sole nature of this action.

3.    All California Atlantic Solutions Group, Inc. employees during the relevant statutes of limitations who performed work for Tesla, Inc. and have been harmed by Defendants' illegal practices are "Aggrieved Employees."

4.    Plaintiff brings this action against Defendants seeking only to recover penalties for himself, on behalf of all Aggrieved Employees that worked for Defendants, and on behalf of the State of California. Plaintiff does not seek to recover anything other than penalties as permitted by California Labor Code Section 2699 at this time. To the extent that statutory violations are mentioned for wage violations, Plaintiff does not seek underlying general and/or special damages for those violations, but simply penalties as permitted by California Labor Code Section 2699, declaratory relief, and injunctive relief for himself and all aggrieved employees as permitted by the PAGA.

5.    Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including San Bernardino. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

6.    Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a)    Failing to pay employees for all hours worked, including all minimum wages, straight time wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b)    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal

periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)   Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)   Failing to reimburse for necessary business expenses;

(e)   Failing to maintain accurate records of the hours employees worked;

(f)   Willfully failing to pay employees all meal period, rest period, minimum wages, straight time wages, and overtime wages due within the time period specified by California law when employment terminates; and

(g)   Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

7.   On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

8.   At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Aggrieved Employees. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## THE PARTIES

**A.**    **Plaintiff**

9.    Plaintiff is a California resident that worked for Defendants in the County of San Bernardino, State of California, as an inspector from approximately May 2021 to the present.

**B.**    **Defendants**

10.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Atlantic Solutions Group Inc. is:

(a)    A Delaware corporation with its principal place of business in San Bernardino, California.

(b)    A business entity conducting business in numerous counties throughout the State of California, including in San Bernardino County; and

(c)    The former employer of Plaintiff, and the current and/or former employer of the Aggrieved Employees. Defendant suffered and permitted Plaintiff and the Aggrieved Employees to work, and/or controlled their wages, hours, or working conditions.

11.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Tesla, Inc. dba Tesla Motors, Inc. is:

(a)    A Delaware corporation with its principal place of business in Alameda County, California.

(b)    A business entity conducting business in numerous counties throughout the State of California, including in San Bernardino County; and

(c)    The former employer of Plaintiff, and the current and/or former employer of the Aggrieved Employees. Defendant suffered and permitted Plaintiff and the Aggrieved Employees to work, and/or controlled their wages, hours, or working conditions.

4

12. Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Aggrieved Employees as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

13. At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Aggrieved Employees in the State of California.

14. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other Aggrieved Employees, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.     Plaintiff worked for Defendants in Riverside County, California as an inspector from approximately May 2021 to the present. At all times Defendants classified Plaintiff as non-exempt from California's overtime requirements. During the statutory time period, Plaintiff was typically scheduled to work 5 days in a workweek, and typically in excess of 8 hours in a single workday.

16.     Throughout Plaintiff's employment, Defendants committed numerous labor code violations under state law.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

17.     Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime compensation), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to maintain accurate records of the hours Plaintiff worked, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

18.     Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff, and the Aggrieved Employees for all hours worked, including all overtime wages.  Plaintiff and the Aggrieved Employees were required to work "off the clock", and uncompensated.  For example, prior to clocking into work, Plaintiff and the Aggrieved Employees were required to undergo a security badge check and COVID temperature screening, involving a photograph taken at the entrance, uncompensated.  Plaintiff and the Aggrieved Employees were also required to wait in line for the security badge check, photograph screening, and in order to clock into work each workday.  Also, Plaintiff  and the Aggrieved Employees were required to eat their meals at designated areas such as the cafeteria, which took time to walk to after clocking

out, uncompensated.  In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Aggrieved Employees worked.

19.     Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff, and the Aggrieved Employees with legally compliant meal periods.  Defendants regularly, but not always, required Plaintiff, and the Aggrieved Employees to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff, and the Aggrieved Employees for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work.  Defendants did not adequately inform Plaintiff, and the Aggrieved Employees of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work.  Defendants also did not have adequate policies or practices to document and verify whether Plaintiff, and the Aggrieved Employees were taking their required meal periods.  Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff, and the Aggrieved Employees in compliance with California law.

20.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff, and the Aggrieved Employees to take timely and duty-free rest periods. Defendants regularly, but not always, required Plaintiff, and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff, and the Aggrieved Employees for rest periods that were not authorized or permitted.  Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff, and the Aggrieved Employees to take rest periods in compliance with California law.

21.     Throughout the statutory period, Defendants wrongfully required Plaintiff and the Aggrieved Employees to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement, such as the purchase of scissors and masks, without reimbursement.  Plaintiff, and the Aggrieved Employees were also required to use their own personal cellular telephones for work, which included downloading an application in order to communicate with Defendants.

22.     Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Aggrieved Employees at the conclusion of their employment all wages, including overtime wages, meal period premium wages, and rest period premium wages.

23.     During the statutory period, Defendants failed to furnish Plaintiff and the Aggrieved Employees with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including wages for meal periods that were not provided in accordance with California law, wages for rest periods that were not authorized and permitted to take in accordance with California law, and correct wages earned for hours worked).  As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Aggrieved Employees suffered injury because, among other things:

(a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages, even though they were entitled;

(b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages to which they were entitled, even though they had not been;

(c)    the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)    the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)    the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium wages owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Aggrieved Employees were entitled, and Plaintiff and the Aggrieved Employees were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Aggrieved Employees are owed the amounts provided for in California Labor Code § 226(e).

# FIRST CAUSE OF ACTION

## (Against all Defendants for Civil Penalties Under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq.)

24.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs as though fully set forth herein.

25.     At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

26.     California Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

27.     Plaintiff has exhausted his administrative remedies pursuant to California Labor Code § 2699.3.  On November 11, 2021, he gave written notice by online filing to the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the Labor Code that Defendants have violated against Plaintiff and current and former aggrieved employees, including the facts and theories to support the violations.  Plaintiff also paid the filing fee shortly after November 11, 2021.  Plaintiff's PAGA case number is LWDA-CM-852063-21

28.     The statute of limitations is tolled while a plaintiff exhausts his/her administrative remedies with California's Labor and Workforce Development

Agency (LWDA) prior to suit, which is required by the statute.  (*See* Cal. Lab. Code § 2699.3(d).)

29.     More than 65 days has elapsed since Plaintiff provided notice, but the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice. Accordingly, Plaintiff may commence a civil action to recover penalties under Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor Code described in this Complaint.  These penalties include, but are not limited to, penalties under California Labor Code §§ 210, 226.3, 1197.1, and 2699(f)(2).

30.     In addition, Plaintiff seeks penalties for Defendants' violation of California Labor Code § 1174(d).  Pursuant to California Labor Code § 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by California Labor Code § 1174 is subject to a penalty under § 1174.5.  Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period.  Meal periods, and total hours worked daily shall also be recorded.  Additionally, pursuant to the applicable IWC Order § 7(A)(5), every employer shall keep total hours worked in the payroll period and applicable rates of pay.

31.     During the time period of employment for Plaintiff and the Aggrieved Employees, Defendants failed to maintain records pursuant to the Labor Code and IWC Orders by failing to maintain accurate records showing meal periods, and accurate records showing when employees begin and end each work period. Defendants' failure to provide and maintain records required by the Labor Code IWC Wage Orders deprived Plaintiff and the Aggrieved Employees the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendants' records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay

wages, all of which resulted in an unjustified economic enrichment to Defendants. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. Because of Defendants' knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

32.     Based on the conduct described in this Complaint, Plaintiff is entitled to an award of civil penalties on behalf of himself, the State of California, and similarly Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

33.     In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## PRAYER FOR RELIEF

Plaintiff, on behalf of all similarly aggrieved employees, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.     That the Court declare, adjudge and decree that Defendants violated the California Labor Code by failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to provide meal periods, failing to authorize and permit rest periods, failing to furnish accurate wage statements, and failing to maintain accurate records of all hours worked and meal periods;

DB2/ 44049022.1     SECOND AMENDED PAGA REPRESENTATIVE ACTION COMPLAINT

2.    An award of civil penalties on behalf of himself and all similarly aggrieved employees pursuant to PAGA;

3.    Pre-judgment and post-judgment interest at the maximum rate allowed;

4.    Attorneys' fees and costs reasonably incurred;

5.    Injunctive and declaratory relief to the extent allowed by PAGA; and

6.    Such other and further relief that the Court deems proper.

Dated: September 19, 2022                      Respectfully submitted,

MOON & YANG, APC

By: _____
Kane Moon
Allen Feghali
Enzo Nabiev
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: September 19, 2022                      MOON & YANG, APC

By: _____
Kane Moon
Allen Feghali
Enzo Nabiev
Attorneys for Plaintiff