UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-0693 FMO (KKx) | Date | June 23, 2023 |
|---|---|---|---|
| Title | Rocio Juarez Ruiz v. Tesla, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

On January 21, 2022, plaintiff Rocio Juarez Ruiz ("plaintiff" or "Ruiz") filed a first amended complaint in state court against Tesla, Inc. ("Tesla") and Atlantic Solutions Group Inc. ("Atlantic"). On April 22, 2022, Tesla removed the then-putative class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), (see Dkt. 1, Notice of Removal ("NOR") at ¶ 7), which requires only minimal diversity of the parties. See 28 U.S.C. § 1332(d)(2)(A)). In its NOR, Tesla did not set forth Atlantic's citizenship.

On September 19, 2022, plaintiff filed the operative Second Amended PAGA Representative Action Complaint ("SAC"), omitting the class claims and asserting only a representative claim for civil penalties under the Private Attorneys General Act, ("PAGA"), Cal. Lab. Code §§ 2698, et seq. (See Dkt. 22, SAC at ¶¶ 1, 24-33). Plaintiff did not set forth the basis for the court's jurisdiction. (See, generally, Dkt. 22, SAC).

Because it appears that Atlantic is a citizen of California, the court questions whether it has jurisdiction over the instant action. Accordingly, IT IS ORDERED THAT:

1. No later than **June 30, 2023,** plaintiff shall set forth the basis for the court's jurisdiction.

2. Defendants[1] shall file a reply to plaintiff's response no later than **July 7, 2023**.[2]

| | Initials of Preparer | gga |
|---|---|---|

---

[1] In other words, since Tesla removed the action, (Dkt. 1, NOR), this is its opportunity to establish why the action should not be remanded.

[2] To the extent the parties rely on the initial removal pursuant to CAFA, the court will consider whether an exception to CAFA applies, and in doing so, may order supplemental briefing and jurisdictional discovery.