UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-0693 FMO (KKx) | Date | July 27, 2023 |
|---|---|---|---|
| Title | Rocio Juarez Ruiz v. Tesla, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Remanding Action

On January 21, 2022, plaintiff Rocio Juarez Ruiz ("plaintiff" or "Ruiz") filed a first amended complaint in state court against Tesla, Inc. ("Tesla") and Atlantic Solutions Group Inc. ("Atlantic"). On April 22, 2022, Tesla removed the then-putative class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), (see Dkt. 1, Notice of Removal ("NOR") at ¶ 7), which requires only minimal diversity of the parties. See 28 U.S.C. § 1332(d)(2)(A)). In its NOR, Tesla did not set forth Atlantic's citizenship. (See, generally, Dkt. 1, NOR).

On September 19, 2022, plaintiff filed the operative Second Amended PAGA Representative Action Complaint ("SAC"), asserting only a representative claim for civil penalties under the Private Attorneys General Act, ("PAGA"), Cal. Lab. Code §§ 2698, et seq. (See Dkt. 22, SAC at ¶¶ 1, 24-33). Plaintiff did not set forth the basis for the court's jurisdiction. (See, generally, Dkt. 22, SAC).

On June 23, 2023, the court issued an order to show cause directing the parties to set forth the basis for the court's jurisdiction. (See Dkt. 37, Court's Order of June 23, 2023). The parties responded to the order to show cause. (See Dkt. 38, Plaintiff's Response to Order to Show Cause Re: Jurisdiction ("Plf. Response")); (Dkt. 39, Defendants' Response to Order to Show Cause Re: Jurisdiction ("Def. Response")). Plaintiff contends that at the time Tesla removed the action, minimal diversity may have been lacking, (see Dkt. 38, Plf. Response at 4-5), and that even if removal was proper, the court should decline to exercise supplemental jurisdiction over the remaining PAGA claim. (See id. at 3-4). Defendants state that minimal diversity existed at the time of removal, (see Dkt. 39, Def. Response at 2-3), but recognize that "the Court may decline to exercise supplemental jurisdiction" over the PAGA claim. (See id. at 4-5).

Federal courts have supplemental jurisdiction over state law claims that are so related to claims over which the court has original jurisdiction that they form the same case or controversy under Article III of the U.S. Constitution. See 28 U.S.C. § 1367(a) ("§ 1367"); see also United Mine Workers of Am. v. Gibbs (Gibbs), 383 U.S. 715, 725, 88 S.Ct. 1130, 1138 (1966); Kuba v. 1–A Agr. Ass'n, 387 F.3d 850, 855 (9th Cir. 2004). Nevertheless, even where state law claims are so related to claims over which the court has original jurisdiction that they form the same case or controversy, district courts have discretion to decline to exercise supplemental jurisdiction if:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-0693 FMO (KKx) | Date | July 27, 2023 |
|---|---|---|---|
| Title | Rocio Juarez Ruiz v. Tesla, Inc., et al. | | |

(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it had original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. See 28 U.S.C. §§ 1367(c)(1)–(4). The Supreme Court has explained that, in determining whether to decline jurisdiction pursuant to 28 U.S.C. § 1367(c), courts must consider whether the exercise of jurisdiction would promote judicial economy, convenience and fairness to litigants, and comity. See Gibbs, 383 U.S. at 726, 88 S.Ct. at 1139; City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172–73, 118 S.Ct. 523, 533-34 (1997) (noting discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims").

Defendants contend that "principles of judicial economy and convenience support the Court exercising supplemental jurisdiction" because their motion to compel arbitration is fully briefed. (See Dkt. 39, Def. Response at 5). According to defendants, "[r]emanding the case would delay resolution of Defendants' motion" and would "not promote economy or convenience." (Id.). However, as the court stated in its prior order, "[t]o the extent the parties rely on the initial removal pursuant to CAFA, the court [would] consider whether an exception to CAFA applies, and in doing so, [could] order supplemental briefing and jurisdictional discovery." (Dkt. 37, Court's Order of June 23, 2023, at 1 n. 2). Also, because plaintiff seeks to conduct jurisdictional discovery to address the applicability of a CAFA exception, (see Dkt. 38, Plf. Response at 5), a ruling on the motion to compel arbitration would be substantially delayed. Moreover, the court has not issued any substantive orders in this case. (See, generally, Dkt.). Thus, the court will exercise its discretion and decline to exercise supplemental jurisdiction over the remaining PAGA claim. See Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988)); see, e.g., Echevarria v. Aerotek, Inc., 814 F.Appx. 321, 322 (9th Cir. 2020) (noting that exercising supplemental jurisdiction over PAGA claim is "purely discretionary") (internal quotation marks omitted); Jimenez v. Young's Market Company, LLC, 2021 WL 5999082, *4 (N.D. Cal. 2021) (declining to exercise supplemental jurisdiction over remaining PAGA claim and noting that "factors of convenience and fairness . . . do not weigh in favor of exercising supplemental jurisdiction because federal and state fora are equally convenient for the parties and [t]here is no reason to doubt that the state court will provide an equally fair adjudication of the issues") (internal quotation marks omitted).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-0693 FMO (KKx) | Date | July 27, 2023 |
|---|---|---|---|
| Title | Rocio Juarez Ruiz v. Tesla, Inc., et al. | | |

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the San Bernardino County Superior Court.

2. The Clerk shall send a certified copy of this Order to the state court.

3. Any pending motion is denied as **moot**.

                                                               Initials of Preparer          vdr